■   In the Matter of KAY T. MACDERMOTT, Formerly KAY T. MACKENZIE, Respondent-Appellant, v DONALD H. MACKENZIE, Appellant-Respondent.— Order, Family Court, New York County, entered on December 15, 1976, which, inter alia, granted petitioner's application for a payroll deduction order in the amount of $175 monthly and fixed arrears at $2,625, unanimously modified, on the facts, to the extent of fixing arrears at $2,800 and otherwise affirmed, without costs or disbursements. The parties to this proceeding were married in September, 1958 and there are three infant issue of the marriage. In June, 1971, the parties executed a separation agreement providing for the payment of the unallocated sum of $1,167 monthly for support of the wife and their three children. The agreement further provided that, upon the wife's remarriage, the amount paid would be reduced to $200 per month for each unemancipated child. The parties were divorced in April, 1973 and the separation agreement was incorporated but not merged in the decree. In July, 1974, the petitioner commenced a proceeding for increased support for the children. During the course of the hearing before Judge Caputo, the parties entered into a stipulation providing that the respondent would pay an additional $175 per month as support for the infant Ian commencing February 1, 1975. On August 9, 1975, petitioner remarried and thereafter the respondent paid only $600 monthly ($200 per unemancipated child) pursuant to the separation agreement. The petitioner instituted this proceeding for a payroll deduction order to recoup the additional $175 per month which relief was granted by Judge Thurston. The respondent's claim that the stipulation adding $175 monthly as support for Ian was not binding after petitioner's remarriage is not supported by the language of the stipulation or the order of Judge Caputo which encompassed it. We find therefore that it was enforceable even after remarriage of the petitioner. Our modification is merely to correct an arithmetical error. At the time of the entry of Judge Thurston's order, which operated prospectively from January 1, 1977, the respondent was 16 months in arrears, at the rate of $175 per month, for a total of $2,800 rather than the $2,625 awarded. Concur—Lupiano, J. P., Birns, Lane and Lynch, JJ.